## In re SERZONE PRODUCTS LIABILITY LITIGATION

### No. 1477.

Judicial Panel on Multidistrict Litigation.

Aug. 12, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the six actions listed on the attached Schedule A and pending in four federal districts as follows: three actions in the Western District of Louisiana and one action each in the Eastern District of Louisiana, the Middle District of Louisiana, and the Northern District of Mississippi.[1] Plaintiffs in the Eastern District of Louisiana action move

the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Eastern District of Louisiana, a position in which the plaintiff in the Middle District of Louisiana action joins. Plaintiffs in certain potential tagalong actions also support centralization in the Eastern District of Louisiana, while others have offered the Middle District of Louisiana or the Northern District of Ohio as transferee forum. At oral argument, all plaintiffs supporting centralization favored the Eastern District of Louisiana, the Northern District of Ohio, or both among their choices for transferee district. Sole defendant Bristol–Myers Squibb Company (Bristol–Myers Squibb) initially opposed centralization; however, at oral argument, Bristol–Myers Squibb asserted that it now favored centralization and proposed selection of the District of Connecticut, the District of New Jersey, or the Southern District of New York as transferee district.[2]

■ On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of West virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Serzone, a prescription drug used in the treatment of depression. Centralization under Section 1407 is thus necessary in order to elimi-

---

* Judge Sear took no part in the decision of this matter.

1. In addition to the six actions before the Panel, the parties have notified the Panel of eight related federal court actions pending as follows: two actions each in the Northern District of Illinois and the Eastern District of Louisiana, and one action each in the Middle District of Louisiana, the District of Minnesota, the Southern District of New York, and the Northern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4

and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. In addition, plaintiffs in an action pending in the District of Wyoming oppose transfer of their action, which defendant Bristol–Myers Squibb identified to the Panel as a related action. Given the advanced stage of the proceedings in this action, including its imminent trial date, we are not persuaded that this action should be included in any centralized pretrial proceedings.

nate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Southern District of West Virginia is the appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to a transferee district that is not currently overtaxed with other multidistrict dockets and to a transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

*MDL–1477--In re Serzone Products Liability Litigation*

*Eastern District of Louisiana*
*Andrea B. Cheramie, et al., v. Bristol–Myers Squibb Co.,* C.A. No. 2:02–910

*Middle District of Louisiana*
*Melva L. Duplessie, et al. v. Bristol–Myers Squibb Co.,* C.A. No. 3:02–322

*Western District of Louisiana*
*William Collins v. Bristol–Myers Squibb Co.,* C.A. No. 1:02–638
*Joseph I. Viator, et al. v. Bristol–Myers Squibb Co.,* C.A. No. 2:02–637
*Judy Owens, et al. v. Bristol–Myers Squibb Co.,* C.A. No. 6:02–680

*Northern District of Mississippi*
*Sherry Hayden, et al. v. Bristol–Myers Squibb Co.,* C.A. No. 4:02–86